UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIRANDA JOHNSON,

                Plaintiff,

       v.

C. R. BARD, INC., a foreign corporation,
*and* BARD PERIPHERAL VASCULAR,
INC.,

                Defendants.

No. 19-CV-8478 (KMK)

<u>OPINION & ORDER OF
DISMISSAL</u>

---

<u>Appearances</u>:

Miranda Johnson
Orangeburg, SC
*Pro Se Plaintiff*

Tobi S. Soli, Esq.
Greenberg Traurig LLP
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

       Miranda Johnson ("Plaintiff") brings this action against C. R. Bard, Inc. and Bard

Peripheral Vascular, Inc. (collectively, "Defendants"), alleging that a medical device Defendants

designed and manufactured injured Plaintiff (as well as many others) in violation of strict

products liability laws as well as various theories of negligence.[1]  (*See generally* Compl. (Dkt.

No. 1).)

---

[1] The Master Complaint in the Multi-District Litigation regarding this common locus of
facts lists other possible violations that Plaintiff does not allege, including negligence for failure
to recall the product, violation of applicable state laws governing consumer fraud and unfair
competition, loss of consortium, wrongful death, and survival.  *See generally* Master Complaint,
*In Re: Bard Products Liability Litigation*, No. 15-MD-2641 (D. Ariz. Dec. 17, 2015) (Dkt.
No. 364).

The relevant chronology of events is as follows: on August 13, 2021, Defendants filed the instant Motion To Dismiss for Failure to Prosecute (the "Motion"), pursuant to Federal Rules of Civil Procedure 37(b)(2)(A), 37(d)(1)(A)(i), and 41(b).  (Not. of Mot. (Dkt. No. 52).)  As made clear by the Court's July 27, 2021, Scheduling Order, Plaintiff was to respond by September 10, 2021.  (*See* Dkt. No. 51.)  Plaintiff did not do so.  (*See* Dkt.)  On September 21, 2021, the Court issued an Order instructing Plaintiff to respond to Defendants' Motion by October 5, 2021 or risk dismissal.  (Order (Dkt. No. 56).)  Plaintiff has not done so.  (*See* Dkt.)  Given the Plaintiff's actions—or lack thereof—balanced by consideration of Plaintiff's interests, the Court grants Defendant's Motion and dismisses the Action without prejudice.

I.  Discussion

A.  Standard of Review

This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  *Id.*  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of district courts, *see United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  The Second Circuit has further cautioned that "pro se plaintiffs

should be granted special leniency regarding procedural matters." *Id.* (italics omitted); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]istrict courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant."). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the [C]ourt gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008) (italics omitted).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether [the] plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of New York*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Each of these factors favors dismissal.

### B.  Analysis

#### 1.  Duration of Plaintiff's Failures

Courts look first to the absolute duration of delay. "Days or weeks of delay 'typically do[] not warrant dismissal.'" *Leybinsky v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-6154, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) (quoting *Chavis v. City of New York*, No. 17-CV-9518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018)). On the other hand, "'[d]elays of five months or less have resulted in dismissal by courts in the Second Circuit.'" *Barnes v. Stop*

*& Shop Supermarket Co.*, No. 19-CV-431, 2020 WL 3100191, at *2 (S.D.N.Y. June 11, 2020)

(quoting *Greene v. City of New York*, No. 19-CV-873, 2020 WL 2840521, at *3 (E.D.N.Y. Apr.

23, 2020)); *see also Antonio v. Beckford*, No. 05-CV-2225, 2006 WL 2819598, at *2 (S.D.N.Y.

Sept. 29, 2006) (noting that "a delay of between five and ten months 'falls comfortably within

the time frames found sufficient in successful Rule 41(b) motions to dismiss'" (quoting *Peters-*

*Turnbull v. Bd. of Educ. of N.Y.,* No. 96-CV-4914, 1999 WL 959375, at *2–3 (S.D.N.Y. Oct. 20,

1999))).

But this durational inquiry must also be considered in the context of when the delay

occurs procedurally.  For instance, while a two-month delay may be presumptively considered

insufficient to warrant dismissal, *see Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir.

1999) (noting that the Second Circuit has "reversed dismissals for failure to prosecute" where

delays spanned "no more than 39 days" or "less than two months"), such a delay could "weigh[]

strongly in favor of dismissal" when it "function[s] as a complete block to moving th[e] litigation

forward," *Kent v. Scamardella*, No. 07-CV-844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18,

2007) (dismissing the case for failure to prosecute following a delay of three months).

Moreover, a court must consider whether the delays are attributable to action or inaction of the

plaintiff or external factors.  *See Drake*, 375 F.3d at 258 (holding that a seventeen-month delay

did not justify dismissal where multiple delays were not attributable to plaintiff).

In this case, Plaintiff's delays have, thus far, spanned six months, and they are wholly the

result of Plaintiff's inaction.  Plaintiff was exceptionally difficult to reach in the early stages of

discovery, resulting in her failure to appear for her deposition on multiple occasions and her

conclusion of her sole deposition appearance mid-way through.  (*See* Decl. of Toby S. Soli ("Soli

Decl.") ¶¶ 5–13 (Dkt. No. 53).)  Plaintiff also sent unsigned and unverified authorizations and

disclosures in August 2020—three months after said paperwork was due—and has since refused

to supplement with properly signed and verified documents, notwithstanding repeated requests

from defense counsel.  (*See id.* ¶¶ 2–4.)

Plaintiff's reluctance to act only intensified thereafter.  On February 25, 2021, the Court

granted Plaintiff's attorneys leave to withdraw from the case, staying the case for 60 days so that

Plaintiff could secure additional counsel.  (*See* Dkt. No. 45.)  She has still not done so.  (*See

generally* Soli Decl. Ex. F (Letter from Defense Counsel to Plaintiff Dated April 21, 2021) (Dkt.

No. 53-6).)  In the following two months, defense counsel then attempted to reach out to Plaintiff

using multiple mediums to no avail.  (*See* Soli Decl. ¶¶ 14–16.)

In June 2021, Plaintiff *once* reached out to defense counsel, calling counsel and

conceding that she had received the April 21, 2021, correspondence.  (*See id.* ¶¶ 17–18.)  During

this call, Plaintiff failed to substantively respond to counsel's warning that unless she could cure

the discovery deficiencies defense counsel identified, Defendants would move to dismiss for

failure to prosecute.  (*See id.* ¶ 18.)

Plaintiff has failed to respond to multiple overtures in the intervening months, despite the

litigation's progress.  At Defendants' request, (*see* Dkt. No. 48), the Court set a pre-motion

conference for July 27, 2021, (*see* Dkt. No. 49).  The Clerk's Office also mailed Plaintiff notice

of this conference.  (*See* Dkt.)  The Court posted a notice on the docket regarding the pre-motion

conference well in advance of the conference.  (*See* Dkt. No. 50.)  Plaintiff failed to appear or

secure legal representation to appear on her behalf.  (*See* Dkt. (minute entry for July 27, 2021).)

The Court subsequently adopted a Scheduling Order wherein Defendants would file their motion

to dismiss on or before August 13, 2021, and Plaintiff could file a response by September 10,

2021.  (*See* Dkt. No. 51.)  Defendants timely filed their motion.  (*See* Not. of Mot.; Soli Decl.;

Def.'s Mem. of Law in Supp. of Mot. To Dismiss ("Defs.' Mem.") (Dkt. No. 54).)  Plaintiff did

not respond.  (*See* Letter from Toby S. Soli to Judge Kenneth M. Karas, Dated September 17,

2021, at 1 (Dkt. No. 55); Letter from Toby S. Soli to Judge Kenneth M. Karas, Dated November

22, 2021, at 1 (Dkt. No. 57).)  On September 17, 2021, Defendants filed a letter highlighting

Plaintiff's failure to do so and reiterating its request the case be dismissed, citing Plaintiff's

inaction.  (*See id.*)  Within days, the Court issued an Order ordering Plaintiff to respond by

October 5, 2021.  (*See* Order (Dkt. No. 56).)  As of the date of this Order, Plaintiff has—once

again—failed to respond or reply in any fashion.

    In sum, even accounting for the stay, the total delay spanned six months to date.  "Under

the circumstances presented here, that is long enough."  *Chavis*, 2018 WL 6532865, at *3 (citing

*Folk v. Barton*, No. 15-CV-6443, 2016 WL 8993874, at *2 (S.D.N.Y. Dec. 2, 2016)); *see Lopez

v. Cath. Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y.

Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the]

action *at all*" for three months).  Therefore, the duration and nature of the delay favors dismissal.

### 2.  Plaintiff's Notice

    Plaintiff "received ample notice that further delays would result in dismissal of [her] case

for failure to prosecute."  *Shannon*, 186 F.3d at 194.  Following extended absences at multiple

steps in the litigation, Plaintiff was specifically told by Defendants in June that they would file

the instant Motion unless she could resolve her shortcomings with regard to her discovery

obligations.  (*See* Soli Decl. ¶ 18.)  Thereafter, Plaintiff was put on notice—with months of

leeway—by the Court's scheduling order.  (*See* Dkt. No. 51.)  Plaintiff received an additional

reminder in the form of the instant Motion.  Having flouted that deadline, Plaintiff was then put

on notice once more of her failure to adhere to the deadline via Defendants' letter to the Court,

which repeated Defendant's request for dismissal with prejudice in light of Plaintiff's failure to

prosecute.  (*See* Dkt. No. 55.)  Finally, Plaintiff received notice from the Court via a one-page

Order, which concluded with the following instruction: "Plaintiff shall respond to Defendants'

Motion no later than October 5, 2021[,] or Defendants' Motion will be deemed fully briefed, the

consequences of which may include the granting of Defendants' Motion and the dismissal of this

Action."  (Order (Dkt. No. 56).)

It cannot be said that Plaintiff was unaware of her obligations or the consequences of her

failure to honor them.  Such failure to comply with a court order regularly results in dismissal

and there is no reason to depart from this rule here.  *See, e.g.*, *Savatxath v. City of Binghamton*,

No. 12-CV-1492, 2013 WL 4805767, at *2 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure

to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the

court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v.*

*U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008)

(dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered

to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action" and failed to

submit such a letter).  Thus, this factor weighs in favor of dismissal.

### 3.  Whether Defendants Would Be Prejudiced by Further Delay

 "Where . . . the delay is unreasonable, prejudice may be presumed as a matter of law."

*Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005)

(citing *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993)).  "'[B]ut in cases where

delay is more moderate or excusable, the need to show actual prejudice is proportionally

greater.'"  *Jacobs*, 2008 WL 199469, at *5 (quoting *Lyell Theater Corp. v. Loews Corp.*, 682

F.2d 37, 43 (2d Cir. 1982)).

Here, Plaintiff's delay is certainly inexcusable.  "The record is devoid of any explanation

for [P]laintiff's complete inaction and failure to respond to numerous attempts to contact her for

over six months.  Thus, the prejudice to [D]efendant can be fairly presumed." *Hibbert*, 2000 WL 977683, at *3; *see also Terry v. City of New York*, No. 20-CV-81, 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (noting that a "presumption [of prejudice] remains unrebutted where, as here, [the] [p]laintiff has neither responded to [the] [d]efendants' motion nor contacted the [c]ourt [in six months]" (citing *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12-CV-1005, 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014))).  The third factor thus militates towards dismissal.

### 4.  Balancing Due Process Rights and Court Administration

"[W]here a plaintiff could have avoided dismissal 'there can be no claim by plaintiff[] that [her] due process rights have been denied.'" *Jacobs*, 2008 WL 199469, at *6 (quoting *Europacific*, 233 F.R.D. at 354).  As stated above, Plaintiff had ample opportunity to respond and therefore avoid dismissal.  *See supra* I.B.2.  Dismissal without prejudice, in light of the circumstances, cannot be said to violate Plaintiff's due process rights.

Additionally, "[t]he efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." *Antonio*, 2006 WL 2819598, at *4; *see also Lyell Theatre Corp.*, 682 F.2d at 42 (noting that "the authority to invoke [a court's power to dismiss a case] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts"); *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 668 (2d Cir. 1980) ("Burgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination.").  It would be therefore be unfair to the Court and other litigants to absolve Plaintiff of consequences for her inaction.

Nonetheless, these positions are counterbalanced by the Second Circuit's guidance that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's

right to be heard is subrogated to the convenience of the court." *Lucas,* 84 F.3d at 535–36.  This

delicate balance is satisfied by dismissing the case without prejudice.  Failing to dismiss the case,

considering Plaintiff's actions to date, would be tantamount to making the Court "chase [a]

dilatory plaintiff[] while other litigants in this district seek access to the courts." *Hibbert*, 2000

WL 977683, at *3.  Refusing Plaintiff the right to re-open her case by dismissing it with

prejudice, on the other hand, does not yield any additional advantage despite its harsher

consequences.  *See Barnes*, 2020 WL 3100191, at *3 ("[T]he lesser sanction of a dismissal

without prejudice equally 'serve[s]' the district court's need to clear its calendar.'" (quoting

*Thrall v. Cent. N.Y. Reg'l Transp. Auth.,* 399 F. App'x 663, 666 (2d Cir. 2010))).

Thus, the fourth factor countenances dismissal without prejudice, as this resolution

balances Plaintiff's due process rights with the Court's charge to continue serving the public and

those seeking access to the courts.  *See Thrall,* 399 F. App'x at 666 (holding that dismissal

without prejudice would have served the district court's need to clear its calendar without unduly

penalizing a pro se litigant for failing to comply with a scheduling order); *Barnes*, 2020 WL

3100191, at *3 (same); *Terry v. Village of Ossining*, No. 12-CV-5855, 2013 WL 5952834, at *7

(S.D.N.Y. Nov. 5, 2013) ("[B]ecause the [c]ourt finds that lesser sanctions than dismissal with

prejudice are potentially viable . . . [the] [p]laintiff's claims will be dismissed *without* prejudice."

(emphasis in original)).

### 5.  Lesser Sanctions

Finally, no weaker sanction than dismissal is appropriate given Plaintiff's actions.  "[A]ll

litigants, including pro se litigants, have an obligation to comply with court orders.  When they

flout that obligation[,] they, like all litigants, must suffer the consequences of their actions."

*Baba v. Japan Travel Bureau Int'l, Inc.,* 165 F.R.D. 398, 402 (S.D.N.Y.1996) (quoting

*McDonald v. Head Crim. Ct. Supervisor Officer,* 850 F.2d 121, 123 (2d Cir. 1988)), *aff'd,* 111

F.3d 2 (2d Cir. 1997).  In the past ten months, Plaintiff has only once contacted Defendants—in which she failed to substantively respond to Defendants' discovery concerns or put forward a plan of action with regard to the litigation—and never contacted the Court to keep it apprised of her intentions or actions.  In other words, "Plaintiff has neither contacted the Court, nor complied with Court orders, nor responded to Defendants' motion to dismiss.  Of course pro se litigants must comply with court orders, but, because of Plaintiff's pro se status, the Court finds dismissal without prejudice a sufficient sanction."  *Terry*, 2020 WL 5913409, at *2 (italics omitted) (citing *Virola*, 2014 WL 793082, at *3).  Thus, the fifth factor once again supports dismissal.

## II.  Conclusion

For the reasons stated, Defendants' Motion is granted, and Plaintiff's case is dismissed without prejudice for failure to prosecute.  The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 52), to mail a copy of this Order to Plaintiff, and to close this case.

SO ORDERED.

DATED:      December 10, 2021
            White Plains, New York

            _____
            KENNETH M. KARAS
            United States District Judge